MAY RICHARDS v. STATE.

No. A-2175.

Appeal from County Court, Comanche County;

H. N. Whalen, Judge.

May Richards was convicted of a violation of the prohibitory law, and appeals. Reversed.

J. F. Thomas, for plaintiff in error.

Chas. West, Atty. Gen., and C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, May Richards, and Jim Richards, were jointly charged with selling whisky to one Charley Lemaster. Upon her separate trial, May Richards was found guilty and was sentenced to serve a term of sixty days in the county jail and to pay a fine of two hundred fifty dollars.

The testimony in the case was substantially as follows:

Charley Lemaster testified that he went to the house of Jim and May Richards in the city of Lawton on Saturday night, the 12th of July, and the first time with Raymond Roland; that he asked Mr. and Mrs. Richards if they had anything to drink:

"Q. When you asked them that, what was said? A. I think she asked Mr. Richards if we would be all right. I don't remember whether he said anything or not, anyway they let us have the whisky. Q. How much did you get? A. One-half pint. Q. What did you get the second time you went in there? A. Got a half pint of whisky. Q. From whom did you get it? A. Mr. Richards. Q. Was the defendant, May Richards, in the house at that time? A. She was in the front room."

Cross examination: Q. Is it a fact you all were at a half dozen places in the East End that night? A. Yes. Q. You visited how many places that night? A. I don't know how many places. Q. What other places did you buy whisky that night? A. I don't know."

Morris Tague testified that he was with Charley Lemaster and a fellow called "Shorty"; that Lemaster and Shorty went into the Richards' house. Over the defendant's objection he was then permitted to testify that Lemaster and Shorty had a half pint of whisky, and that they said that they got it in there.

As a witness in her own behalf May Richards testified that on the day in question she was at the home of Mr. and Mrs. Barrett, at Richards' Spur, thirteen miles north of Lawton; that Jim Richards, her husband, was with her; that they drove one of Mr. Lebrecht's horses; that they gathered about a bushel of plums that day on Mr. Barrett's place; that they left there that evening after supper, and arrived home about half past nine; she denied that she ever sold whisky.

M. C. Marlow testified that he was a furniture dealer, and made a delivery of furniture to the Richards' place on the 13th day of July, 1913; that his books show the exact date; that there was no person at home; that a neighbor boy was there when he delivered the furniture.

Mrs. Tom Barrett testified that Mr. and Mrs. Richards arrived at her place about eleven o'clock that morning; that they gathered about a bushel of plums that day and left for home after supper that evening; that they were driving a poor bay horse.

The testimony of the only witness who says May Richards sold the whisky is of very doubtful character. For this reason we think the court erred in permitting his testimony to be bolstered up by the admission of hearsay testimony over the defendant's objection. The court also gave the definition of reasonable doubt, condemned by this court in Harris v. State, 10 Okla. Cr. 417, 137 Pac. 365. For the reasons stated, the judgment is reversed, a new trial awarded and the cause remanded.